IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KURK JOHNSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **No. CIV 24-021-RAW-JAR** |
| ) | |
| **CORECIVIC, INC, et al.,** ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

On January 16, 2024, Petitioner Kurk Johnson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with an attached "complaint" that named 24 "respondents." (Dkt. 1 at 1-2). He alleged he was "identifying authority for a writ of habeas corpus 28 U.S.C. § 2241, seek an injunction under § 1983 to remove the obstacle that is dening releave from disciplinary confinement that denied due process violation." *Id*. at 2 (spelling and syntax in original). He further asserted interference with his petition for judicial review of his disciplinary proceedings. *Id*. at 4.

On March 4, 2024, the Court entered an Opinion and Order explaining that Petitioner could not file a combination habeas corpus/civil rights action. Instead, these two types of civil actions must be filed separately. Petitioner was advised that he could obtains forms from the Court Clerk for filing either or both of these actions. Therefore, the "habeas petition" was dismissed without prejudice to filing a proper habeas corpus petition with one respondent or a proper civil rights complaint under 42 U.S.C. § 1983. (Dkt. 5). The Court also denied a certificate of appealability, and Judgment was entered. (Dkt. 5 at 2, Dkt. 6). On April 22, 2024, Petitioner filed a "motion to reconsider" his petition and a request for an injunction against all 24 respondents, asserting that prison officials made it difficult to get his pleading to the Court. (Dkt. 8).

In the motion to reconsider, Petitioner asks the Court to review his petition for judicial review under the state Administrative Procedures Act. (Dkt. 8 at 1). This, however, is not the proper standard for habeas corpus review under § 2241.

Petitioner alleges he was not convicted of a disciplinary charge for his misconduct in 2022. *Id*. at 1, 4. He complains he was transferred from a medium security prison to a maximum facility, and he has not been allowed to transfer back to a medium facility. *Id.* at 2. Although Petitioner's motion is confusing, he apparently wants to challenge his loss of earned credits and his segregation and transfer that arose from a disciplinary proceeding.[1]

With respect to Petitioner's challenge to his allegedly improper transfer, it is well settled that there is no constitutional right to incarceration in a particular correctional facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Further, the Supreme Court has held that "prison officials have discretion to transfer [prisoners] for whatever reason or for no reason at all." *See Meachum v. Fano*, 427 U.S. 215, 228 (1976).

To the extent Petitioner's motion to reconsider can be construed as arising under Rule 60(b) of the Federal Rules of Civil Procedure, this approach also fails. The grounds for relief from a final judgment, order, or proceeding are:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

---

[1] Petitioner fails to state the dates of the alleged unconstitutional acts. The Court advises that there is a one-year statute of limitations for habeas corpus actions under § 2241. *See* 28 U.S.C. § 2244(d)(1).

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Here, the Court finds Petitioner was advised of the proper procedure for submitting his claims to this Court. He failed to follow the Court's instructions, and his case was dismissed. Therefore, he is not entitled to continue on his misguided attempt to have 24 "respondents" in his habeas petition. He may, however, file a second habeas corpus petition with one respondent (his custodian) on the correct form.

The Court also finds Petitioner has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He thus is not entitled to certificate of appealability.

**ACCORDINGLY,**

1. Petitioner's motion for reconsideration (Dkt. 8) is denied.

2. Petition is denied a certificate of appealability.

3. Petitioner's motion for leave to proceed *in forma pauperis* (Dkt. 9) is denied as moot.

4. The Court Clerk is directed to send Petitioner a copy of the Court's form for filing a new habeas corpus action pursuant to 28 U.S.C. § 2241 and a form for filing a motion for leave to proceed *in forma pauperis*.

**IT IS SO ORDERED** this 31ˢᵗ day of July 2024.

`
_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE